IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

R.J., et al.,

    Plaintiffs,

v.                                                                  No. 13cv0265 WJ/RHS

THE GEO GROUP, INC., et al.

    Defendants.

MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DISMISSAL
WITH PREJUDICE
and
DENYING MOTION FOR PRESENTMENT

**THIS MATTER** comes before the Court upon Defendants Corizon, Inc. Mark Walden, Sherry Phillips, and Katherine Armijo's Motion for Dismissal with Prejudice, filed May 19, 2014 **(Doc. No. 61)** and Defendant Walden's Motion for Presentment, filed May 19, 2014 **(Doc. No. 62)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendants' Motion for Dismissal is well-taken and, therefore, is GRANTED.  Further, the Court finds that Defendant Walden's Motion for Presentment is not well taken and, therefore, is DENIED.

This case involves allegations that a medical doctor treating inmates at two separate detention centers sexually abused a number of the inmates under his care.  Apparently parties, or at least the majority of the parties, have negotiated settlements and because there are multiple defendants, there are several separate settlement agreements.  The Motion for Dismissal relates to the settlement reached between Plaintiffs and Defendants Corizon, Inc., Mark Walden, Sherry Phillips, and Katherine Armijo (*hereinafter* referred to collectively as "Settling Defendants").

The Court finds that the pursuant to the parties' settlement, and noting that no other party objects to the Motion for Dismissal, the claims against Settling Defendants should be dismissed with prejudice.  Therefore, the Motion for Dismissal with Prejudice is GRANTED.

There is, however, a remaining issue concerning the form of the order dismissing the claims against the Settling Defendants.  Defendant Walden submitted a proposed Order with his Motion for Presentment to which Defendant Geo Group objects.  Defendant Geo Group negotiated a separate settlement agreement with Plaintiffs and thus, is not a party to the settlement agreement between Plaintiffs and Settling Defendants.  Specifically Defendant Geo Group objects to the inclusion of the language:

> Pursuant to NMSA 1978 Sections 41-3-1 through 41-3-8, as amended, and as relates to claims, or similar claims, which Plaintiffs made or could have made against Corizon, Inc., JOHN/JANE DOE (medical staff of Corizon, Inc.) and/or Mark Walden, M.D. in and arising out of the allegations in the Complaint and/or Amended Complaint, Corizon, Inc., JOHN/JANE DOE (medical staff of Corizon, Inc.) and Mark Walden, M.D. are dismissed with prejudice from all claims, if any, which would be the basis for a claim for contribution, indemnity, or reapportionment that may be asserted by the GEO Group, Inc. and/or the New Mexico Department of Corrections [sic], or their agents.

See (**Doc. No. 62**), Proposed Order, pp. 4-5.  While Defendant Geo Group objects to the above quoted language in the proposed dismissal order, it does not object to the Settling Defendants being dismissed from the lawsuit.

The Court finds that Settling Defendants and Plaintiffs have no authority to make statements in their stipulated order of dismissal which might affect the rights of a defendant not a party to the stipulated order.  Moreover, the Court will not enter such an order.

With the exception of the above quoted provision, the rest of the language of the proposed stipulated order of dismissal is appropriate; however, the Court is somewhat reluctant to rewrite or delete certain terms of a stipulated order.  Therefore, Plaintiffs and Settling

Defendants are directed to prepare a modified stipulated order of dismissal consistent with the Court's ruling in this opinion and submit it electronically for filing within ten days.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE